BRIAN MICHAELS, OSB # 925607
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon 97401
541-687-0578
Fax 541-686-2137
brian@brianmichaelslaw.com

MARIANNE DUGAN, OSB # 932563
259 E. 5th Avenue, Suite 200-D
Eugene, OR 97401
541-338-7072
Fax no. 866-650-5213
mdugan@mdugan.com

     Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| LORI WALLENDER AND DANIEL WALLENDER,<br><br>     Plaintiffs<br><br>v.<br><br>HARNEY COUNTY; HARNEY COUNTY DISTRICT ATTORNEY'S OFFICE, THROUGH THE STATE OF OREGON; ASSISTANT DISTRICT ATTORNEY RYAN HUGHES; SHERIFF DAVE WARD; SERGEANT LUCAS MCLAIN AND Lt. BRIAN J NEEDHAM OF THE HARNEY COUNTY SHERIFF'S OFFICE.<br><br>     Defendants | CASE NO.: 2:19-cv-00004<br><br>COMPLAINT<br><br>42 U.S.C. 1983 –<br>FOURTH AMENDMENT UNLAWFUL ARREST AND DETENTION; VIOLATION OF THE FOURTEENTH AMENDMENT'S GUARANTEES OF EQUAL PROTECTION; JUDICIAL DECEPTION;<br>and<br>PUNITIVE DAMAGES<br><br>JURY TRIAL REQUESTED |

**INTRODUCTION**

PAGE 1 - COMPLAINT

1.     This is a civil action for damages and attorney's fees, for unlawful search and seizure of persons and real property; unlawful arrest and detention (Fourth Amendment), and violation of the equal protections of law (Fourteenth Amendment), under 42 U.S.C. 1983. These claims arise out of a January 9, 2017 "stop" of Plaintiffs' vehicle in Harney County by Lt Brian Needham and Sheriff Dave Ward while the vehicle was physically stopped on the shoulder of Hwy 20 with a flat tire on the trailer being pulled. The weather was high winds with snow drifts and icy snowy conditions on the road. Plaintiff Lori Wallender was the driver when the trailer had a flat tire.

2.     About her driving ability under these circumstances Defendant Needham later testified:

> Q. Would you agree that a trailer with a flat tire might be much more difficult to maneuver in high winds, icy weather?
> A. Yes, I would.
> Q. Yet this vehicle remained on the pavement, did not go off into the gravel or down in the ditch, did it?
> A. Correct.

Despite this observation, and others, about her driving ability, Defendants Needham and Ward conducted a DUII investigation for being under the influence of cannabis. She was then arrested for DUII and brought down to the jail for an alcohol breath test where she blew a 0.00. She was then subject to a Drug Recognition Evaluation by a Drug Recognition Expert, Sergeant Lucas McLain. Plaintiff Lori Wallender was then arrested for DUII cannabis. No charges were formally filed until January 30, 2018. On that date an indictment was handed down by grand jury

PAGE 2 - COMPLAINT

conducted by Defendant ADA Ryan Hughes. The only witness to testify was Defendant Brian Needham.

    3.      The Indictment charged both plaintiffs with this felony:

COUNT I
UNLAWFUL IMPORTATION/EXPORTATION OF MARIJUANA
ORS 475B.185
Class C Felony

        The said defendants, Lori Lynn Wallender and Daniel W. Wallender, on or about January 9, 2017, in Harney County, Oregon, **being licensee representatives**, did unlawfully and knowingly import marijuana items into this state **for consideration.**

(Emphasis added)

Not only was there no evidence in any of the police reports to suggest either of the two elements emphasized above, Lt. Needham later testified that he did not testify before the grand jury about either of those two same elements. Without these two elements there is no crime, no less a felony. The Misdemeanor DUII charge charging Mrs. Lori Wallender as Count 2 of the Indictment does not require a grand jury or Indictment to charge. It is charged by an "Information," drafted and signed by an ADA.

**JURISDICTION AND VENUE**

    4.   Jurisdiction for the federal claims exists under 28 U.S.C. 1331 because this action arises under the laws of the United States.

    5.     Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. 1391(b) in that this is a civil action wherein jurisdiction is not founded on diversity of citizenship and plaintiff's claims arise within this judicial district.

PAGE 3 - COMPLAINT

## PARTIES

6. At all relevant times, plaintiffs were and are residents of the state of Wisconsin, driving through Oregon when stopped.

7. Defendant Harney County hereinafter Defendant County, is a municipal corporation charged with and responsible for appointing and promoting, through the Sheriff of Harney County, members of the Harney County Sheriff's Department. Defendant Sheriff Dave Ward was at all relevant times a duly elected Sheriff of Harney County. At all relevant times Defendant County and Defendant Sheriff had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their employment, and to see that all orders, rules, training, instructions and regulations promulgated for the Harney County Sheriff's Department were consistent with the State and Federal Constitutions, Statutes, and the laws of the municipality.

8. Harney County District Attorney's Office was at all times a function of Harney County, with a duly elected District Attorney of Harney County, Joseph Lucas.

9. Defendant Ryan Hughes was at all times relevant an employee of Harney County and the Harney County District Attorney's Office. He was at all material times acting under color of state law and acting as an agent/employee of Harney County and within the course and scope of his employment. He is sued in his individual capacity.

10. Defendants Sergeant Lucas Mclain And Lt. Brian J Needham Of The Harney County Sheriff's Office are sued in their individual capacity. They were at all times relevant Deputies/Officers of the Harney County Sheriff's Office. Lt. Brian J Needham conducted the 'stop,' the field sobriety tests, and the arrest of Plaintiff Lori Wallender. Sergeant Lucas McLain,

administered the DRE after her arrest. He concluded in his report that Mrs. Wallender was under the influence of cannabis. They were at all material times acting under color of state law and acting as an agent/employee of Harney County and within the course and scope of their employment. Sergeant Lucas McLain did not testify to the Grand Jury, only Lt. Needham did.

11.     Sheriff Dave Ward is sued in his individual capacity, as Sheriff of Harney County. He was at all times relevant the duly elected Sheriff of Harney County, and thereby responsible for hiring, supervising and training Defendants Lt. Needham and Sergeant Lucas McLain. At all relevant times Defendant County and Defendant Sheriff had the power, right and duty to control the manner in which these individual Defendants carried out the objectives of their employment, and to see that all orders, rules, training, instructions and regulations promulgated for the Harney County Sheriff's Department were consistent with the State and Federal Constitutions, Statutes, and the laws of the municipality.

12.     Defendant Sheriff Ward also supervised and participated in the 'stop' of Plaintiff, the arrest of Plaintiff Lori Wallender, and the DRE conducted by Sergeant Lucas McLain. Defendant Sheriff Ward did not testify to the Grand Jury, only Lt. Needham did.

13.     The individual Defendants' acts which are the subject of this lawsuit were undertaken in the regular course of their employment for Defendant Harney County.

## FACTUAL OVERVIEW

14. These claims arise out of a "stop" of Plaintiffs in their vehicle as they were driving through Oregon from their home state of Wisconsin. Their vehicle was pulling a U-Haul trailer which had a flat tire while driving through heavy winds, with snow and ice conditions. Despite the aforementioned adverse conditions and circumstance, the driver of the vehicle, Plaintiff Lori

Wallender, safely and expertly pulled the car onto a narrow shoulder, which had a ledge-like cut off on the right side. Defendants Needham and Sheriff Ward pulled over behind the vehicle with their emergency lights on to see if they could be of any help. In his report, Lt. Needham stated that they immediately smelled a strong odor of marijuana from behind the closed trailer. They immediately went into an investigation into marijuana and DUII marijuana. The only marijuana was a small lawful amount in the vehicle's front seat area. The vehicle was a large Nissan 4-door SUV, termed a pick-up truck by Defendants, with Wisconsin plates. The vehicle was enclosed, not an open bed pick-up truck.

15. Upon discovering Plaintiff Lori Wallender was the driver and noticing how well she navigated the vehicle under these adverse conditions and circumstance, Defendants Needham and Sheriff Ward began a DUII investigation into Mrs. Wallender. Defendant Needham primarily conducted the investigation, having Mrs. Wallender perform Field Sobriety Tests by the side of the road under these conditions, then making the decision to arrest. Defendant Needham, with Sheriff Ward, arrested Mrs. Wallender despite finding no Horizontal Gaze Nystagmus (hereafter HGN) in that Field Sobriety Test, and despite the adverse windy, icy conditions on the side of the road as she performed the physical tests. Mrs. Wallender also described the physical disabilities she had that would make it difficult to perform the physical tests. The Defendants did not record any portion of the encounter through any medium.

16. After arresting Plaintiff Lori Wallender, Needham and Sheriff Ward brought her to the police station.  Mr. Wallender stayed with the vehicle until help arrived and he was able to drive to the police station. At the police station, Defendant McLain conducted a Drug

Recognition Evaluation, also not recorded by any means, and also finding no HGN. Defendant McLain concluded Mrs. Wallender was under the influence of cannabis. Mrs. Wallender provided a urine sample. Ostensibly, because of the backlog in the OSP Labs formally testing urine samples, Mrs. Wallender was not charged with DUII until approximately 54 weeks later, by Indictment, January 30, 2018.

17.     The Indictment charged both Mr. and Mrs. Wallender with felony marijuana charges, and Mrs. Wallender with DUII controlled substances. See Paragraphs 2 and 3, above.

18.     Plaintiffs were forced to hire an attorney, travel back and forth from Wisconsin for four separate appearances, including 2-day travel each way, lodging, food and the anxiety of not being home.

### FIRST CLAIM FOR RELIEF
**(Violation of Constitutional Right to Substantive Due Process
False Arrest and Imprisonment - Seizure)
(42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution)
(Individual Defendants)**

19.     The foregoing paragraphs are incorporated herein by reference.

20.     By their actions as described herein, in detaining and arresting Plaintiff Lori Wallender for DUII without a warrant, probable cause, or other constitutionally adequate lawful provision, the individual Defendants Needham, McLain, and Sheriff Ward, acting under color of statute, ordinance, regulation, custom, or usage, subjected Plaintiff Lori Wallender to deprivation of her liberty interests, which constitutes rights, privileges, or immunities secured by the Constitution and laws.

21.     As a direct and proximate result of the unlawful detention and arrest, Plaintiff Lori Wallender sustained actual damages, including loss of liberty; mental and emotional suffering;

PAGE 7 - COMPLAINT

humiliation; shame; embarrassment; worry; fear; anguish; shock; nervousness; and anxiety; all to her damage in an amount to be ascertained according to proof at trial.

22. As a direct and proximate result of the unlawful detention and arrest, Plaintiff Lori Wallender sustained actual damages, including hotel costs, travel costs, lodging and food, along with collateral expenses that go along with not being at home. Plaintiff Lori Wallender was forced to hire an attorney for representation.

23. The actions of the individual Defendants, as described in this First Claim For Relief, herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages against the individual Defendants in an amount sufficient to punish them and to deter others from like conduct.

24. Plaintiff was required to hire attorneys to represent her in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

25. Plaintiff is entitled to a jury trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of Constitutional Right to Substantive Due Process**
**False Arrest and Imprisonment - Seizure)**
**(42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution)**
**JUDICIAL DECEPTION**
**(Individual Defendants)**

26. The foregoing paragraphs are incorporated herein by reference.

27. Plaintiffs Lori and Daniel Wallender were indicted on felony marijuana charges, without any evidence. In order to obtain the Indictment Defendants Lt. Needham and ADA Ryan Hughes, either together or separately, presented false evidence and/or produced a false

document—the Indictment- for the jury foreman to sign. At this point, Plaintiffs do not have sufficient information to know how or by whom this was accomplished. Plaintiffs know only that ADA Ryan Hughes convened a Grand Jury when there was no evidence to justify convening a Grand Jury, that Lt. Needham was the only witness to give testimony before the Grand Jury, Needham swore under oath at a pre-trial hearing that he did not provide any testimony regarding the felony charges, and that an Indictment charging the felonies was prepared for and signed by the jury foreman.

28. Naturally, this Indictment was presented and filed with the court, prompting court appearances, and one motion to Dismiss. The judges involved were falsely led to believe there was probable cause these defendants (Plaintiffs) committed a felony and treated them and their court appearances under that false impression.

29. By their actions as described herein, by falsely charging Plaintiffs with Felony marijuana without probable cause, or other constitutionally adequate lawful provision, the individual defendants Needham, and Hughes, acting under color of statute, ordinance, regulation, custom, or usage, subjected plaintiffs to deprivation of their liberty interests, which constitutes rights, privileges, or immunities secured by the Constitution and laws. They did so by knowingly deceiving and lying to the Grand Jury in one or more of the means identified above.

30. As a direct and proximate result of the being unlawfully charged with felonies, plaintiffs sustained actual damages, including loss of liberty; mental and emotional suffering; humiliation; shame; embarrassment; worry; fear; anguish; shock; nervousness; and anxiety; all to their damage in an amount to be ascertained according to proof at trial.

31. As a direct and proximate result of being unlawfully charged with felonies, Plaintiffs

sustained actual damages, including hotel costs, travel costs, lodging and food, along with collateral expenses that go along with not being at home. Plaintiffs were forced to hire an attorney for representation.

32. The actions of the individual defendants, as described in this Second Claim For Relief, herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of this intentional conduct, plaintiffs are entitled to punitive damages against the individual defendants in an amount sufficient to punish them and to deter others from like conduct.

33. Plaintiffs were required to hire an attorney to represent them in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

34. Plaintiffs are entitled to a jury trial.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FOURTEENTH AMENDMENT'S
### GUARANTEES OF EQUAL PROTECTION
### (42 U.S.C. § 1983)
### (Individual Defendants)

35. The foregoing paragraphs are incorporated herein by reference.

36. By their actions as described herein, the individual defendants, under color of statute, ordinance, regulation, custom, or usage, subjected plaintiff to the deprivation of rights, privileges, or immunities secured by the Fourteenth Amendment of United States Constitution and laws; namely, plaintiffs were arrested both for Lori Wallender's DUII, and Plaintiffs' Felony charges, based upon the Plaintiffs' lawful use and possession of marijuana, and the Defendants' discrimination against the lawful marijuana, along with a desire to create false statistics to be

used against the lawfulness of marijuana.

37.     As a direct result of defendants' actions, plaintiffs suffered economic damages, in an amount to be determined at trial, due to damages as alleged in First and Second Claims for Relief.

38.     As a direct result of the actions described herein, plaintiff sustained noneconomic damages in an amount to be ascertained according to proof at trial.

39.     The actions of the individual defendants, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants, in an amount sufficient to punish them and to deter others from like conduct.

40.     Plaintiffs were required to hire attorneys to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

41.     Plaintiffs are entitled to a jury trial.

**FOURTH CLAIM FOR RELIEF**
**(Municipal Liability Claim - 42 U.S.C. § 1983;**
**Monell v. Dept. of Social Services and Adickes v. Kress)**
**(Marijuana Bias)**
**(Defendant HARNEY COUNTY)**

42.     The foregoing paragraphs are incorporated herein by reference.

43.     Defendant County has failed to properly train its officers in how to address, arrest, and charge marijuana crimes, particularly when there is no evidence, or insufficient evidence, to arrest or charge marijuana crimes. In this case lawful marijuana use was the sole factor in making these decisions.

44. Defendant County is directly liable to plaintiffs for its unconstitutional policies, customs, or practices; and/or for failing to properly train its officers.

45. As a direct and proximate result of the actions and omissions described in this complaint, plaintiffs incurred damages alleged herein, and were required to hire an attorney to represent them and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

46. Plaintiffs are entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request a jury trial and demand judgment in their favor and against defendants for the relief sought herein; punitive damages, for their reasonable costs and attorney fees; and for any other relief deemed appropriate by the court.

Respectfully submitted January 2, 2019.

s/ BRIAN MICHAELS
BRIAN MICHAELS OSB # 925607
Attorney for Plaintiffs
