IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WALLENDER and DANIEL WALLENDER**,<br><br>          Plaintiffs,<br><br>     v.<br><br>**HARNEY COUNTY,** *et al.*,<br><br>          Defendants. | Case No. 2:19-cv-0004-SU<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on February 11, 2020. ECF 46. Judge Sullivan recommended that Defendants' motions to dismiss be granted, the claims against Defendant Ryan Hughes be dismissed with prejudice, the claims against the remaining defendants be dismissed without prejudice, and this case be dismissed.

      Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs timely filed an objection (ECF 51), to which Defendants responded. ECF 52, 53. Plaintiffs raise several objections to the Findings and Recommendation. Plaintiffs object to Judge Sullivan's finding that Defendant Assistant District Attorney Ryan Hughes was entitled to absolute prosecutorial immunity. Plaintiffs argue that Defendant Hughes did not have probable cause for charging Plaintiffs with a felony and thus Defendant Hughes was not acting as an advocate before the grand jury and is not entitled to absolute prosecutorial immunity, as discussed in *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993) ("A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested."). *Buckley* involved actions of a prosecutor during the "investigative" phase of a case. *See, e.g.*, *id.* ("[The prosecutors'] mission at that time was entirely investigative in character."). Defendant Hughes's alleged actions, however, were during grand jury proceedings impaneled for the purposes of prosecuting, not investigating, Plaintiffs.

PAGE 2 – ORDER

Similar circumstances were discussed by the Ninth Circuit in *Milstein v. Cooley*, 257 F.3d 1004 (9th Cir. 2001). In *Milstein*, the plaintiff alleged that the prosecutors never had probable cause because they fabricated evidence, suborned perjury, and filed a false crime report to obtain the indictment. *Id.* at 1011-12. The Ninth Circuit held that the prosecutors did not have absolute immunity against allegations of fabricating evidence, filing a false crime report, and improper actions taken investigating the plaintiff's alleged crime. *Id.* at 1011. The court further held, however, that the prosecutors were entitled to absolute immunity for impaneling the grand jury. *Id.* at 1012. This is because the prosecutors' efforts with the grand jury were focused on indicting, not investigating, the plaintiff, and "[i]nitiating a prosecution has consistently been identified as a function within the prosecutor's role as advocate." *Id.*[1]

Defendant Hughes is alleged to have impaneled a grand jury to indict Plaintiffs. He is therefore entitled to absolute immunity. Plaintiffs do not make any specific allegations of fabricated evidence. Plaintiffs offer only speculation that Defendant Hughes may have presented something false to the grand jury to convince them to indict Plaintiffs. This is insufficient to support a claim of fabrication of evidence, suborning perjury, or filing a false document. Judge Sullivan's analysis relating to absolute prosecutorial immunity is adopted.

Plaintiffs also object to Judge Sullivan's conclusion that Plaintiffs' allegations involving Defendant Lieutenant Brian J. Needham are insufficient to state a claim for judicial deception.

---

[1] Based on the Court's *de novo* review, the Court reviewed *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636 (9th Cir. 1999). In that case, the Ninth Circuit considered whether the prosecutors had probable cause to impanel the grand jury, citing *Buckley*. *Id.* at 643-44. Before engaging in this analysis, however, the Ninth Circuit concluded that the prosecutors there were acting as advocates. *Id.* at 643. Thus, it appears that considering under *Buckley* whether the prosecutors had probable cause was an alternate analysis. The Ninth Circuit did not state that this type of analysis is necessary in the context of a grand jury impaneled for prosecutorial, and not investigative, purposes. Subsequent Ninth Circuit cases do not engage in such an analysis, and thus the Court does not apply this analysis here.

PAGE 3 – ORDER

Plaintiffs speculate that either: (1) Lt. Needham may have perjured himself before both the grand jury and the State court; or (2) if Lt. Needham did not perjure himself, then Defendant Hughes may have presented other false evidence to obtain the indictment. Plaintiffs argue that they have no way of knowing what actually happened and this suffices to allow them to obtain discovery to learn whether Lt. Needham perjured himself. Such speculation, however, is insufficient to state a claim against Lt. Needham. Litigation is not for fishing. The Court adopts this portion of the Findings and Recommendation.

The Court has reviewed Plaintiffs' remaining objections and considered the issues *de novo*. The Court agrees with Judge Sullivan's reasoning and adopts those portions of the Findings and Recommendation. For those portions of Judge Sullivan's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent, and the Court adopts those portions of the Findings and Recommendation.

The Findings and Recommendation (ECF 46) is ADOPTED IN PART. The Court does not adopt the recommendation to dismiss the claims against Defendant Hughes with prejudice. The Motions to Dismiss by the County Defendants (ECF 18) and Defendant ADA Ryan Hughes (ECF 16) are GRANTED. If Plaintiffs believe they can cure the deficiencies identified in the Findings and Recommendation and this Order, they may file a motion for leave to amend within three weeks from the date of this Order.

**IT IS SO ORDERED.**

DATED this 16th day of April, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER