# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WALLENDER** and **DANIEL WALLENDER**, | Case No. 2:19-cv-4-SU |
| Plaintiffs, | **ORDER** |
| v. | |
| **HARNEY COUNTY**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on December 14, 2020. ECF 63. Judge Sullivan recommended that this Court deny Plaintiffs' motion for leave to amend the complaint and enter a judgment of dismissal without prejudice but without leave to amend. The Court previously granted Defendants' motions to dismiss but allowed Plaintiffs leave to file a motion for leave to amend, if Plaintiffs believed they could cure the deficiencies in their complaint identified by Judge Sullivan and this Court.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

"the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs timely filed an objection (ECF 69). No Defendant responded to Plaintiffs' objection. Plaintiffs raise several objections to the Findings and Recommendation. Plaintiffs primarily argue that their proposed amended complaint offers enough factual support to survive *Iqbal/Twombly* and argue that Defendant Assistant District Attorney Ryan Hughes is not entitled to absolute prosecutorial immunity, citing *Herb Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636 (9th Cir. 1999), cited by this Court in a footnote in its previous Order adopting the Findings & Recommendation granting Defendants' motions to dismiss.

Plaintiffs first argument essentially is that because no evidence supporting the felony charges against them was produced in the underlying criminal case, Defendant Lieutenant Brian J. Needham is the only witness who testified before the grand jury, and Defendant Needham later

testified that he did not testify before the grand jury about any elements of the felony charge, there must have been false evidence or something improper presented to the grand jury for the grand jury to issue the felony indictment. Or, alternatively, Plaintiffs argue that Lieutenant Needham may have perjured himself before the grand jury, and, presumably, also when he later testified under oath that he did not testify before the grand jury about any of the elements of the felony charge. As discussed by Judge Sullivan, Plaintiffs' proposed First Amended Complaint contains the same speculative allegations as the defective original complaint.

Plaintiffs next rely on *Herb Hallman* to argue that Defendant Hughes is not entitled to absolute prosecutorial immunity. Plaintiffs appear to argue in the alternative—first, that Defendant Hughes was acting in an investigative role and not as an advocate, and second that even as an advocate he must have had probable cause to convene a grand jury. Regarding Plaintiffs' former argument, the Court adopts Judge Sullivan's reasoning and analysis that Plaintiffs do not allege sufficient facts to show that Defendant Hughes was acting in an investigative role.

Plaintiffs also argue that even as an advocate, Defendant Hughes needed probable cause to convene the grand jury or lose absolute immunity, relying on *Herb Hallman*. The Court noted *Herb Hallman* in a footnote in its previous Order. The Court, however, found *Milstein v. Cooley*, 257 F.3d 1004 (9th Cir. 2001), to be more similar and persuasive. The Court followed *Milstein*. In *Milstein*, the Ninth Circuit granted absolute prosecutorial immunity for prosecutors' actions empaneling a grand jury and obtaining an indictment, even though the plaintiff alleged that the prosecutors fabricated evidence to get the indictment, filed a false crime report, and improperly investigated the crime. *Id.* at 1011-12. The Ninth Circuit held that the prosecutors were not entitled to absolute immunity for the allegations relating to the fabrication of evidence,

filing the false crime report, or investigating the crime. *Id.* Regarding the grand jury proceedings, however, despite the plaintiff's allegation that there never was probable cause and the evidence and allegations were all fabricated by the prosecutors, the Ninth Circuit affirmed absolute prosecutorial immunity, reiterating that "[i]nitiating a prosecution has consistently been identified as a function within the prosecutor's role as advocate." *Id.* at 1012. The Ninth Circuit did not consider whether the prosecutors had probable cause to empanel the grand jury in considering prosecutorial immunity and, indeed, based on the other conclusions by the Ninth Circuit, it does not appear that the prosecutors did have probable cause.

The Court has reviewed Plaintiffs' remaining objections and the underlying briefing before Judge Sullivan, and considered the issues *de novo*. The Court agrees with Judge Sullivan's reasoning and adopts those portions of the Findings and Recommendation. For those portions of Judge Sullivan's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent, and the Court adopts those portions of the Findings and Recommendation.

The Court ADOPTS Judge Sullivan's Findings and Recommendation (ECF 63). The Court DENIES Plaintiffs' Motion for Leave to File First Amended Complaint (ECF 56). This case is dismissed without prejudice but without leave to amend.

**IT IS SO ORDERED.**

DATED this 2nd day of March, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER